IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PENSION PLAN OF LUMBER EMPLOYEES LOCAL 786 RETIREMENT FUND, MICHAEL PHILIPP, RON SANDACK, MICHAEL YAUGER, EDWARD RIZZO, STEVEN FISHER, and RICKY BLEVINS, as Trustees of the Fund, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES HORN LUMBER COMPANY, d.b.a. (CHAS HORN LUMBER CO., HORN LUMBER, HORN CHAS LUMBER COMPANY, CHARLES HORN LUMBER CO, HORN CHAS LUMBER) and any other CONTROLLED GROUP MEMBERS OF CHARLES HORN LUMBER COMPANY and BRUCE SCOTT HORN, <br><br> Defendants. | Case No. 1:2019-cv-7258 |

## COMPLAINT

Plaintiffs, Pension Plan of Lumber Employees Local 786 Retirement Fund ("Fund") and Michael Philipp, Ron Sandack, Michael Yauger, Edward Rizzo, Steven Fisher, and Ricky Blevins as the members of the Fund's Board of Trustees (collectively, the "Trustees"), by their attorneys Jeffrey S. Fowler, William T. Daniels and Jeffrey W. Hoff, bring this complaint against Defendants, Charles Horn Lumber Company, d.b.a. (Chas Horn Lumber Co., Horn Lumber, Horn Chas Lumber Company, Charles Horn Lumber Co, Horn Chas Lumber) (the "Employer" or "CHL"); Bruce Scott Horn; and any controlled group members of the Employer, as a result of the Employer's withdrawal from a multiemployer pension plan, and allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001-1461, to collect withdrawal liability, delinquent contributions, interest, and penalties and, as such, this Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145 and 1451(c) and 28 U.S.C. §1331.

2. Venue lies in this court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered by its Boards of Trustees at their principal place of business located at 300 South Ashland Avenue, Suite 500, Chicago, Illinois 60607, and that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff Pension Fund is a multiemployer pension benefit plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA. 29 U.S.C. § 1002(37) and 1301(a)(3). The Pension Fund is established and maintained pursuant to its Agreement and Declaration of Trust of the Lumber Employees Local 786 Retirement Fund (the "Agreement and Declaration of Trust") in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Pension Fund has offices and conducts business within this District.

4. The members of the Board of Trustees of the Pension Fund are Michael Philipp, Ron Sandack, Michael Yauger, Edward Rizzo, Steven Fisher, and Ricky Blevins.

5. Plaintiff Trustees of the Pension Fund are the Plan Sponsor of the Pension Fund and have been duly authorized by its respective Agreement and Declaration of Trust to act on behalf of the Pension Fund in collection of withdrawal liability and delinquent contributions owed to the Pension Fund. With respect to such matters, the Trustees act as fiduciaries of the

Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, as fiduciaries, are authorized to bring this action on behalf of the Pension Fund, its Plan, its participants, and its beneficiaries for the purpose of collecting withdrawal liability and/or delinquent contributions (related to withdrawal liability payments that were not made in accordance with the withdrawal liability payment schedule).

6. Defendant CHL was an Illinois corporation with its principal place of business located in the State of Illinois and in this District.

7. The corporate status of CHL was involuntarily dissolved by the Illinois Secretary of State on February 9, 2018 and reinstated on July 1, 2019.

8. The Agent of Record of CHL as of July 17, 2017, was Bruce Scott Horn whose listed address was P.O. Box 53, Riverside, Illinois 60546.

9. The Agent of Record for CHL as of July 1, 2019, is Bruce Scott Horn whose listed address is 2440 S. Damen Ave, Chicago, Illinois 60608.

10. Until it closed on or about June 1, 2017, CHL operated at 4700 19th St, Cicero, IL 60804.

11. When CHL closed, on or about June 1, 2017, it ceased making contributions to the Pension Fund and triggered withdrawal liability on or about that date.

12. CHL and/or other members of its controlled group continue to do business in the State of Illinois.

13. Upon information and belief, the Defendant CHL is owned one hundred percent (100%) by Bruce Scott Horn.

14. Defendant Bruce Scott Horn is an individual and not only the sole owner of CHL, but also the sole proprietor of the property located at 4700 19th St, Cicero, IL 60804 (the "Property"), which is a separate trade or business upon which CHL operated its business on and before the date of its withdrawal from the Fund thus constituting a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

15. In accordance with Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1): (i) all "trades and businesses" (whether or not incorporated) that are "under common control" are treated as a single employer, and (ii) all employees of trades or businesses under common control are treated as employed by a single employer. Thus, each trade or business under common control with the withdrawing employer is jointly and severally liable for any withdrawal liability of any other trade or business under common control (see PBGC § 4001.3(a)(2)).

16. The Property is a separate trade or business upon which CHL operated its business on and before the date of its withdrawal from the Pension Fund thus constituting a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

17. The Property as of the date of withdrawal was not held as a corporation, limited liability company and/or limited partnership. Therefore, the Property was not protected from any form of limited liability that would prevent the Pension Fund from suing the owners individually for amounts owed by the Property (as a single employer with CHL) for the withdrawal liability.

**FACTS**

18. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-17 of this Complaint with the same force and effect as if fully set forth herein.

19. CHL was an employer engaged in an industry affecting commerce and was subject to a collective bargaining agreement with the Building Material, Lumber, Box, Shaving, Roofing and Insulating, Chauffeurs, Teamsters, Warehousemen and Helpers Union No. 786 in the City of Chicago and Vicinity, State of Illinois, affiliated with the International Brotherhood of Teamsters, under which CHL was required to make contributions to the Fund on behalf of certain of its employees.

20. The Employer remitted contributions to the Pension Fund in accordance with the terms of its collective bargaining agreement with the union until the Plan Year ending August 31, 2017, during which year it ceased remitting contributions to the Pension Fund.

21. On or about May 1, 2017, the collective bargaining agreement between the Employer and the union expired and the Employer no longer employed employees covered by a collective bargaining agreement requiring contributions to the Fund.

## COUNT I
## DELINQUENT CONTRIBUTIONS

22. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23. On December 19, 2016, CHL and the Fund entered into a Payment Agreement (see Exhibit A) to allow CHL to pay delinquent contributions owed to the Fund in the total amount of $18,020.08.

24. In accordance with the Payment Agreement, CHL was to remit to the Fund monthly payments, the first eighteen (18) in the amount of $1,001.12 and a final payment of $1,000.64.

25. Payments were to begin on January 1, 2017.

26. The Pension Fund sent CHL a letter (the "Delinquency Letter #1") dated March 20, 2017, that CHL had missed its monthly payment due on March 1, 2017. A copy of Delinquency Letter #1 is attached as Exhibit B.

27. Subsequently, the Fund administrator was able to reach CHL regarding this delinquency and the amounts missed for the March 2017 payment were remitted by CHL.

28. The Pension Fund sent CHL a letter (the "Delinquency Letter #2") dated November 1, 2017, that CHL had missed its monthly payments due on and after June 1, 2017. A copy of Delinquency Letter #2 is attached as Exhibit C.

29. The Pension Fund sent CHL a follow-up letter (the "Delinquency Letter #3") dated February 21, 2018, that CHL had failed to remit monthly payments due on and after June 1, 2017. A copy of Delinquency Letter #3 is attached as Exhibit D.

30. CHL has failed to make any payments after May 19, 2017 (the date of its last payment) in honor of its commitment under the Payment Agreement.

31. The total principal owed on the Payment Agreement is $13,014.08.

32. In addition to this amount, CHL owes the Fund for interest, penalties and liquidated damages related to its default under the Payment Agreement.

33. Pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e), CHL is liable for the Fund's costs and expenses incurred in connection with this action, including any reasonable attorneys' fees.

## COUNT II
## WITHDRAWAL LIABILITY

34. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-36 of this Complaint with the same force and effect as if fully set forth herein.

35. The Employer withdrew from the Fund on or about June 1, 2017 (i.e., during the Plan Year ending August 31, 2017), when it permanently ceased to have an obligation to remit contributions to the Fund.

36. Under section 4201(b) of ERISA, 29 U.S.C. § 1381(b), the Fund calculated the liability for the Employer's withdrawal to be $279,231 using the September 29, 2015 valuation date.

37. The Fund sent CHL a letter (the "Demand Letter") dated July 17, 2017, that the amount of withdrawal liability incurred by CHL for a withdrawal during the Plan Year ending August 31, 2019 was $279,231. In the Demand Letter, the Fund further notified CHL that it could pay its estimated liability in 80 quarterly installments of $4,634. The Demand Letter advised CHL that the first installment was due by September 15, 2017 and every three months thereafter. Alternatively, CHL had the option of paying its withdrawal liability in a lump sum. A copy of the Demand Letter is attached as Exhibit E.

38. To date the statement of business affairs has not been completed or returned to the Fund by CHL or any of its agents or assigns.

39. CHL failed to make its first payment that was due on September 15, 2017.

40. The Fund, by letter dated September 18, 2017, sent a notice of default to CHL informing CHL that it had missed its first payment of $4,634 and that it had 60 days to correct this missed payment or the Fund would default CHL and all amounts owed would become immediately due. (Exhibit F).

41. CHL subsequently made payment related to the first quarterly withdrawal liability payment due September 15, 2017.

42. CHL failed to make its second payment that was due on December 15, 2017.

7

43. The Fund, by letter dated December 29, 2017, sent a notice of default to CHL informing CHL that it had missed its second payment of $4,634 and that it had 60 days to correct this missed payment or the Fund would default CHL and all amounts owed would become immediately due. (Exhibit G).

44. CHL subsequently made payment related to the second quarterly withdrawal liability payment due December 15, 2017.

45. CHL failed to make its regularly scheduled quarterly payment on March 15, 2018. And, in fact, no additional payments have been received by the Fund after this date.

46. On May 17, 2018, the Fund sent CHL a certified letter that it had failed to make payments in accordance with the payment schedule outlined above, and that failure to make a payment would result in a default and acceleration of the entire amount due should CHL fail to make payment within 60 days of the date of this letter. (Exhibit H).

47. In accordance with ERISA § 4219(b)(2)(A), CHL and its controlled group members had 90 days from the date of the Fund's June 22, 2016 letter to initiate arbitration. Since no action was taken by CHL and/or its controlled group members to initiate arbitration, Defendants have waived their rights to challenge the amount of withdrawal liability and who is a liable for such withdrawal liability.

48. CHL has not remitted any of the installment payments sought by the Fund after December of 2017 for CHL's withdrawal from the Fund nor did it ever take steps to initiate arbitration.

49. Based upon the foregoing communications, Plaintiffs have provided statutory notice to Defendants of their obligations and deficiencies.

50. Under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), an employer is required to pay any outstanding withdrawal liability in a lump sum if it is in default and has exhausted its ability to challenge withdrawal liability due to its failure to timely initiate arbitration.

51. Under Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and PBGC Opinion Letter 82-37 (1982), an "employer" is a person who is "obligated to contribute" to a plan either as a direct employer, or an entity that is a "trade[] or business[] under common control" with such employer.

52. Under Section 4001(b) of ERISA, 29 U.S.C. § 1301(b), the owner(s) of an unincorporated trade or business are treated as employers and shall be jointly and severally liable for any withdrawal liability if such business is a trade or business under common control with an entity that has incurred withdrawal liability.

53. As the owner of CHL and of the Property upon which CHL had operated, Bruce Scott Horn is part of the controlled group and/or a joint employer with CHL and is therefore jointly and severally liable to the Fund for withdrawal liability.

54. Pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e), CHL; Bruce Scott Horn; and any other members of the Controlled Group are liable jointly and severally for the Fund's costs and expenses incurred in connection with this action, including any reasonable attorneys' fees.

>WHEREFORE, the Fund and its Board of Trustees respectfully request the following judgment in favor of the Plaintiffs and against the Defendants:
>
>a. That Defendants; Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for the outstanding

9

       principal of unpaid contributions to the Fund under the Payment Agreement in the amount of $13,014.08, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

b.    That Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally in the amount of $3,975.00 for liquidated damages and interest for the late Fund contributions, pursuant to pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e);

c.    That Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to their respective Agreement and Declaration of Trust and 29 U.S.C. § 1132(g)(2)(D);

d.    That CHL; Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for the outstanding withdrawal liability of $279,231, which amount includes delinquent contributions owed to the Pension Fund for this withdrawal liability pursuant to Section 4219(c)(1) of ERISA, 29 U.S.C. §1399(c)(1);

e.    That CHL; Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for the full amount of prejudgment interest attributable to the withdrawal liability calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

f.    In the alternative, that CHL; Bruce Scott Horn; and any other members of the Controlled Group be held jointly and severally liable for the delinquent

    contributions, plus interest, liquidated damages and attorney fees for missed payments of the withdrawal liability required under ERISA pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

g.     That CHL; Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g);

h.     That CHL; Bruce Scott Horn; and any other members of the Controlled Group be held liable jointly and severally for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e); and

i.     The Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

    [SIGNATURE PAGE ON NEXT PAGE]

Dated: November 4, 2019

Respectfully submitted,

PENSION PLAN OF LOCAL UNION 786 LUMBER EMPLOYEES RETIREMENT FUND, MICHAEL PHILIPP, RON SANDACK, MICHAEL YAUGER, EDWARD RIZZO, STEVEN FISHER, AND RICKY BLEVINS

/s/: Jeffrey S. Fowler
    Jeffrey S. Fowler
    Attorney for Plaintiffs

Jeffrey S. Fowler, jfowler@lanermuchin.com
(6205689)
William T. Daniels, wdaniels@lanermuchin.com
(6224750)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, IL 60654
(312) 467-9800 / (312) 467-9479 (fax)

Jeffrey W. Hoff, jhoff@786benefits.org
(6203385)
Teamsters Local 786 Benefit Funds
300 South Ashland Avenue #500
Chicago, IL 60607
(312) 666-1875